OPINION. Turner, Judge: The question is whether the depletion allowance on petitioner’s product should be at the rate of 5 percent, the allowance for pumice under section 613(b) (5) (A) of the Internal Revenue Code of 1954, or at the rate of 15 percent, the allowance for dimension stone under section 613(b) (6).[1] While denying that its product is pumice, petitioner has made no effort to prove that it was other than pumice, but contends it is stone and since it is cut according to specified dimensions for the purpose of marketing, the applicable depletion rate is 15 percent, allowed by section 613(b) (6), whether or not its product is pumice. We have studied and considered the evidence of record, and we are satisfied and convinced that petitioner’s product is pumice, and we have so found. The statute, in our opinion, is definite and clear. By section 613(b) (5) (A), the rate of 5 percent applies to “gravel, mollusk shells (including clam shells and oyster shells), peat, pumice, sand, scoria, shale, and stone, except stone described in paragraph (6).” Congress has thus identified pumice as one of the items to which the 5 percent rate applies. By section 613(b) (6), the 15 percent rate for which petitioner contends has been specified as the rate for “all other minerals.” In Virginian Limestone Corporation, 26 T.C. 553, it was found that the mineral in question was dolomite, and that the 10 percent rate specified for dolomite was applicable, even though the mineral might generally be considered as falling within the general classification of “stone,” for which a 5 percent rate applied, or, to some extent, as metallurgical limestone, for which a 15 percent rate applied, the reason being that the term “dolomite” was a term of specific designation in the statute, whereas the others were terms of general classification. In Spencer Quarries, Inc., 27 T.C. 392, the same reasoning was applied in the case of quartzite. See also Albin C. Halquist, 33 T.C. 304, reversed on other grounds 291 F. 2d 49; South Jersey Sand Co., 30 T.C. 360, affd. 267 F. 2d 591, where the mineral was found to be sand, and not quartzite; and Riddell v. Victorville Lime Rock Co., 292 F. 2d 427, where the mineral deposit was found to be a chemical and metallurgical grade of limestone, rather than marble. Any question which might exist in the circumstances here is, in our opinion, resolved upon examination of the wording of the statute. As being subject to the 5 percent rate, the various items covered by section 613(b) (5) (A) are specifically enumerated, and where an explanation or qualification is intended or regarded as necessary, qualifying words appear. It is specifically shown, for instance, that shells include clamshells and oystershells. Otherwise there are no amplifications or qualifications of any of the items listed except stone, the last of the items enumerated. At that point the statute reads, “and stone, except stone described in paragraph (6).” In the listing of pumice there is no exception or limitation. It is to be noted also that in section 114(b) (4) (A) (i) of the Internal Revenue Code of 1939, the statute reads, “sand, gravel, slate, stone (including pumice and scoria),” and so forth. There pumice was included in the specified category of stone. In the drafting of section 613(b) (5) (A), pumice was listed separately from stone, and then when stone was listed as an item separate and apart from pumice and the other items covered, that listing was qualified by the phrase “except stone described in paragraph (6).” In complete harmony with such a reading of section 613(b) (5) (A) are the opening words of paragraph (6) of section 613(b), “15 percent — all other minerals,” namely, the minerals not theretofore covered. Pumice, having previously been covered, does not fall within the classification “all other minerals.” The petitioner seeks to find support for the interpretation sought in the reports of the congressional committees. As we have pointed out, the statute, in our opinion, is abundantly clear, and there is no occasion for reference to the committee reports. We have, however, examined the committee reports relating to the enactments beginning with the Revenue Act of 1951,[2] to and including the Internal Revenue Code of 1954,[3] and it is our conclusion that if reference should be made to the committee reports they would support the interpretation which we make here. The remaining question is whether petitioner is entitled to add the cost of cardboard cartons to its base for the computation of percentage depletion. In United States v. Cannelton Sewer Pife Co., 364 U.S. 76, the Supreme Court determined that the taxpayer, an integrated miner-manufacturer who mines a deposit and then manufactures it into a product, is not to have a preferred position for percentage depletion purposes over a taxpayer who only mines a deposit. Petitioner mines pumice into large pieces, assorts them, hauls them some 17 miles to its mill, cuts them into blocks, similar to bricks, puts them into cardboard cartons, and sells and delivers them to its customers. It appears that there is a market for pumice as an abrasive agent, as a scouring agent, as an aggregate for cement, for polishes, and also in the form of uncut pieces for garden decorations and other ornaments. Petitioner has shown that it purchased “dimension stone,” from which it received some sales proceeds. Presumably it purchased similar material from which it manufactured its block products. It thus appears that petitioner had a marketable product before it manufactured and packaged its “Grillmasters.” The cost of the cartons is not a cost in producing a marketable product. It is a cost of marketing the finished product. In the light of the Oannelton case, petitioner, an integrated miner-manufacturer, may not include the cost of the cartons in the computation of percentage depletion. See also United States v. Utco Products, Inc., 237 F. 2d 65; Riddell v. Victorville Lime Rock Co., supra. Cf. Commissioner v. Halquist, 291 F. 2d 49, and Fannin Investment Co. v. United States, - F. Supp. - (July 5, 1961). Decision will be entered for the respondent. H. Rept. No. 586, 82d Cong., 1st Sess., pp. 29, 114; S. Rept. No. 781, 82d Cong., 1st Sess., p. 37; Conf. Rept. No. 1213, 82d Cong., 1st Sess., p. 76. H. Rept. No. 1337, 83d Cong., 23 Sess., pp. 57-58, 184-185; S. Rept. No. 1622, 833 Cong., 23 Sess., pp. 77-79, 330-332; Conf. Rept. No. 2543, 83d Cong., 2d Sess., pp 51-52.